IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON WILSON CROCKETT, | No. CIV S-04-1489-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JACK SUTER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  On August 25, 2004, the court dismissed plaintiff's complaint with leave to amend and directed plaintiff to file an amended complaint within 30 days.  On January 19, 2005, plaintiff was again directed to file an amended complaint within 30 days.  Plaintiff failed to comply and on September 22, 2005, the court directed plaintiff to show cause in writing why this action should not be dismissed for lack of prosecution and failure to comply with court rules and order.  The docket reflects that the court's September 22, 2005, order was returned by the U.S. Postal Service as undeliverable because plaintiff is apparently no longer in custody.  To date, plaintiff has still not complied with the August 25, 2004, and January 19, 2005, orders to file an amended complaint.

1 The court must weigh five factors before imposing the harsh sanction of dismissal.
2 See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal
3 Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in
4 expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of
5 prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
6 and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52,
7 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate
8 sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone,
9 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where
10 there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
11 1986). Dismissal has also been held to be an appropriate sanction for failure to inform the district
12 court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439,
13 1440-41 (9th Cir. 1988) (per curiam), and failure to comply with an order to file an amended
14 complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

15 Having considered the factors outlined above, the court finds that dismissal is an
16 appropriate sanction for: (1) plaintiff's failure to file an amended complaint; and (2) plaintiff's
17 failure to notify the court and parties of his change of address.

18 Based on the foregoing, the undersigned recommends that this action be dismissed.
19 These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days
21 after being served with these findings and recommendations, any party may file written objections
22 with the court. The document should be captioned "Objections to Magistrate Judge's Findings
23 and Recommendations." Failure to file objections within the specified time may waive the right
24 / / /
25 / / /
26 / / /

to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 17, 2005.

                                              /s/ Craig M. Kellison  
                                              **CRAIG M. KELLISON**  
                                              UNITED STATES MAGISTRATE JUDGE